FILED & JUDGMENT ENTERED
David E. Weich

Nov 23 2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>FITNESS MANAGEMENT GROUP, INC.,<br>*fdba*<br>Peak Fitness XI, LLC<br>*fdba*<br>Peak Fitness Lake Norman, LLC<br>*fdba*<br>Peak Fitness Fuquay Varina, LLC<br>*fdba*<br>Peak Fitness Training, LLC<br>*fdba*<br>Peak Fitness Jonestown, LLC<br>*fdba*<br>Peak Fitness Lincolnton, LLC<br>*fdba*<br>Peak Fitness V, LLC<br>*fdba*<br>Peak Fitness Statesville, LLC<br>*fdba*<br>Peak Fitness Creedmoor, LLC<br>*fdba*<br>Advanced Body Solutions II, LLC<br>*fdba*<br>Peak Fitness Pineville, LLC<br>*fdba*<br>Peak Fitness Xcel Xpress Concord, LLC<br>*fdba*<br>Peak Fitness Holdings, LLC<br>*fdba*<br>Peak Fitness, LLC<br>*fdba* | Case No. 09-31863<br>Chapter 11<br><br>ORDER ON STATE OF NORTH<br>CAROLINA'S MOTION FOR<br>DECLARATION OF EXEMPTION<br>FROM AUTOMATIC STAY |

Fitness Equipment Exchange, LLC
*fdba*
Peak Fitness Greenville, LLC
*fdba*
Peak Fitness X, LLC
*fdba*
Peak Fitness Buck Jones, LLC
*fdba*
Peak Fitness 15501, LLC
*fdba*
Peak Fitness Knightdale, LLC
*fdba*
Peak Fitness IV, LLC
*fdba*
Peak Fitness Duraleigh, LLC
*fdba*
Peak Fitness Steele Creek, LLC
*fdba*
Peak Fitness Garner, LLC
*fdba*
Peak Fitness Laurens, LLC
*fdba*
Peak Fitness LN2, LLC
*fdba*
Peak Fitness Harrisburg, LLC
*fdba*
Peak Fitness Clemmons, LLC
*fdba*
Peak Fitness Wade Hampton, LLC
*fdba*
Peak Fitness WS, LLC
*fdba*
Peak Fitness Cedar Ridge, LLC
*fdba*
Peak Fitness II, LLC
*fdba*
Peak Fitness Yadkinville, LLC
*fdba*
Peak Fitness Xcell Xpress Rock Hill, LLC
*fdba*
Peak Fitness Maynard, LLC
*fdba*
Peak Fitness Peachwood, LLC
*fdba*
Peak Fitness University, LLC
*fdba*

**GGCK, Inc.**

    **Debtor.**

This Matter was before this Court upon the State of North Carolina *ex rel.* Cooper, Attorney General's (the "State" or the "AGO") Motion for Declaration of Exemption from the Automatic Stay (the "Motion" or the "State's Motion") pursuant to the State's police and regulatory powers under 11 U.S.C. § 362(b)(4). The State filed a Notice of Opportunity for Hearing. No objections were filed. Kimberly Wierzel appeared on behalf of the State and Jim Henderson appeared on behalf of the Debtor at the August 11, 2009 hearing on this motion.

Having considered the State's motion and oral arguments, the Court concludes that the State's Motion should be GRANTED AS MODIFIED below, and the Court hereby makes the following conclusions of fact and conclusions of law:

## FINDINGS OF FACT

1. In March 2007, the State filed an action in Wake County Superior Court, docket number 07 CVS 004872, against numerous defendants, including entities merged into the Debtor[1] and the Debtor's principal, Jeffrey Stec ("Stec"). The State alleged, *inter alia*, violations of the bonding requirements contained in North Carolina's Prepaid Entertainment Contract statute (N.C.G.S. § 66-124). The State filed an Amended Complaint in April 2008 adding

---

[1] On or about July 2, 2009, the Debtor and its subsidiary entities filed Articles of Merger with the North Carolina Secretary of State. The subsidiaries are: Peak Fitness XI, LLC, Peak Fitness Lake Norman, LLC, Peak Fitness Fuquay Varina, LLC, Peak Fitness Training, LLC, Peak Fitness Jonestown, LLC, Peak Fitness Lincolnton, LLC, Peak Fitness V, LLC, Peak Fitness Statesville, LLC, Peak Fitness Creedmoor, LLC, Advanced Body Solutions II, LLC, Peak Fitness Pineville, LLC, Peak Fitness Xcel Xpress Concord, LLC, Peak Fitness Holdings, LLC, Peak Fitness, LLC, Fitness Equipment Exchange, LLC, Peak Fitness Greenville, LLC, Peak Fitness X, LLC, Peak Fitness Buck Jones, LLC, Peak Fitness 15501, LLC, Peak Fitness Knightdale, LLC, Peak Fitness IV, LLC, Peak Fitness Duraleigh, LLC, Peak Fitness Steele Creek, LLC, Peak Fitness Garner, LLC, Peak Fitness Laurens, LLC, Peak Fitness LN2, LLC, Peak Fitness Harrisburg, LLC, Peak Fitness Clemmons, LLC, Peak Fitness Wade Hampton, LLC, Peak Fitness WS, LLC, Peak Fitness Cedar Ridge, LLC, Peak Fitness II, LLC, Peak Fitness Yadkinville, LLC, Peak Fitness Xcell Xpress Rock Hill, LLC, Peak Fitness Maynard, LLC, Peak Fitness Peachwood, LLC, Peak Fitness University, LLC, GGCK, Inc. The Debtor is the surviving corporation.

parties, including the Debtor, alleging: (1) further violations of the State's bonding requirements; (2) violations of other Prepaid Entertainment Contract statutes (N.C.G.S. § 66-118, *et seq.*); and (3) violations of North Carolina's Unfair and Deceptive Trade Practices Statute (N.C.G.S. § 75-1.1) (the "March 2007 Action").

2.  A consent judgment, signed by Stec, the Debtor and certain other entities was entered on January 8, 2009 (the "January 2009 Consent Judgment").

3.  The State filed another suit against Stec, the Debtor and related entities in Wake County Superior Court on May 28, 2009 (09 CV 010199), alleging that Stec, on behalf of Debtor and certain of the entities merged into the Debtor on July 2, 2009, had violated the bonding requirements contained in N.C.G.S. § 66-124 and committed unfair and deceptive trade practices by: (1) filing false sworn statements with the State; (2) maintaining inadequate health club bonds; and (3) failing to file sworn statements for certain health clubs (the "May 2009 Action").

4.  Debtor entered into a Preliminary Consent Order prohibiting the sale of any prepaid entertainment contracts that would give rise to a requirement for a bond under N.C.G.S. § 66-124 pending the conclusion of the action (the "May 2009 Consent Order").

## CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. § 362(a) of the U. S. Bankruptcy Code, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title" is stayed. However, the Bankruptcy Code allows for "the commencement and continuation of an action or proceeding by a government unit ... to enforce (its) regulatory power, including

the enforcement of a judgment other than a money judgment, obtained in an action ... to enforce such governmental unit's ... regulatory power." 11 U.S.C. § 362(b)(4).

### A. The State's Regulatory and Police Powers.

Article 21 of the North Carolina General Statutes, N.C.G.S. § 66-118, et seq., (hereinafter "the Prepaid Entertainment Contracts Statutes") regulates certain contracts in which the "services to be performed are related to . . . [h]ealth or athletic club services or facilities."

The AGO is the state agency with statutory authority to enforce the Prepaid Entertainment Contracts Statutes. This statutory mandate states that:

a. Health clubs must file sworn statements with the AGO twice a year attesting the amount of outstanding liabilities covered by a bond or letter of credit "in favor of the State of North Carolina and in a form approved by the [AGO]";

b. The AGO maintains the bonds or letters of credit required by N.C.G.S. § 66-124;

c. Health clubs must obtain the AGO's permission to release a bond or letter of credit outside of its normal expiration or cancellation, such as when a health club changes ownership;

d. The AGO is permitted to file claims on the bond or letter of credit on behalf of consumers, and if the claims exceed the amount of the bond, the surety must pay the bond to the AGO for distribution among claimants;

e. The AGO has the right of inspection of all of the health club's membership records; and

f. Certain records must be provided to the AGO upon the permanent closing of a health club.

N.C.G.S. §§ 66-124 and 124.1.

Pursuant to N.C.G.S. § 66-125(c), a violation of any of the Prepaid Entertainment Contracts Statutes constitutes an unfair practice under N.C.G.S. § 75-1.1. North Carolina's unfair and deceptive acts statute provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C.G.S. § 75-1.1.

Under Chapter 75 of the North Carolina General Statutes, the Attorney General has broad investigatory powers and may bring actions in the name of the State for violations of N.C.G.S. § 75-1.1: "It shall be the duty of the Attorney General . . . to prosecute [civil actions] in the name of the State . . . whenever in his opinion the interests of the public require it." N.C.G.S. § 75-15; N.C.G.S. §§ 75-9 (codifying broad investigative powers), 75-10 (codifying the power to compel examination).

The Attorney General is empowered to seek broad relief. He may request of the court, and the court may order, injunctive relief, refunds to consumers, and cancellation of contracts obtained in as a result of a violation of the law. N.C.G.S. §§ 75-14 (injunctive relief) and 75-15.1 (refunds and cancellation of contracts). The Attorney General also can seek civil penalties. N.C.G.S. § 75-15.2.

### B. The Exercise of Valid Police and Regulatory Powers is Not Stayed by a Bankruptcy Filing or Plan.

Many courts have held that 11 U.S.C. §362(b)(4) provides broad automatic authorization for police and regulatory actions to proceed against both a debtor and property of the estate. *See, Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 864-866 (4th Cir. S.C. 2001) (the regulatory exception contained in 11 U.S.C. §362(b)(4) applied to a state agency's issuance and enforcement of a bonding requirement for hazardous waste sites); *In re Synergy Dev. Corp.*, 140 B.R. 958, 961 (Bankr. S.D.N.Y. 1992) (finding that automatic stay did not apply to New York's

action brought to enforce the bonding requirements contained in New York's health club statutes); *In re Sclater*, 40 B.R. 594, 598 (Bankr. E.D. Mich. 1984) (stating Michigan Attorney General's litigation against a health club would be exempt from the automatic stay "because the state would have been enforcing the exercise of its police and regulatory powers, an exception to the stay under 11 U.S.C. §362(b)(4)"); s*ee also In re Edwards Motor Home Sales* Inc., 119 B.R. 857 (Bankr. M.D. Fla. 1990) (Florida's action to revoke a mobile home dealer license for its failure to maintain a bond was not subject to the automatic stay because the bonding statute was a consumer protection statute).

Courts have recognized that the automatic stay does not bar actions to enforce consumer protection statutes. *See, Massachusetts v. First Alliance Mortgage Co.*, 263 B.R. 99 (9th Cir. B.A.P. 2001) (allowing Massachusetts' action against a debtor for unfair and deceptive loan practices to proceed); *In Re: Asset Control Company of North Carolina*, 90 B.R. 192 (Bankr. D.S.C. 1988) (allowing North Carolina to seek restitution in the State's civil action for unfair loan practices); *Consumer Protection Division, Office of the AG of MD v. Luskin's, Inc*, 213 B.R. 107 (D.MD.1997) (allowing Maryland's appeal of an order setting aside a consumer restitution award to go forward); *In re Draughon Training Inst., Inc.*, 119 B.R. 921 (Bankr. N.D. La. 1990) (stating that consumer protection statutes and court proceedings to determine violations of consumer protection statutes are both valid exercises of police and regulatory power for purposes of the automatic stay exception).

In assessing whether or not the automatic stay applies to a state governmental action, the Fourth Circuit has focused on the purpose of the state law being enforced. *Safety-Kleen, Inc. v. Wyche,* 274 F.3d 846, 864 (4th Cir. S.C. 2001). "If the purpose of the law is to promote public safety and welfare or to effectuate public policy, then the exception applies." *Id.* at 865 (internal

citations and quotations omitted). The exception does not apply if the "purpose of the law relates to the protection of the government's pecuniary interest in the debtor's property or to adjudicate private rights." *Id.* (internal citations and quotations omitted).

The Court finds that AGO's state court actions were brought pursuant to its regulatory and police powers and the primary purpose of the Prepaid Entertainment Contracts Statutes is to promote public safety and welfare. The Court holds that the AGO's state court actions are not subject to the automatic stay pursuant to 11 U.S.C. § 362(b)(4) other than as modified below.

### C. Enforcement of Orders Obtained Pursuant to the State's Police and Regulatory Powers.

In the exercise of its regulatory authority, the AGO may seek and enforce injunctive orders prohibiting the Debtor from violating state law. If the State obtains a financial judgment from the Debtor, that judgment will be treated as a claim in the underlying bankruptcy. *See In re First Alliance Mortgage Co.*, 263 B.R. 99 (B.A.P. 9th Cir. 2001) (holding that a consumer protection action brought by the Massachusetts Attorney General which sought the cessation of ongoing consumer fraud and a judgment against the debtor for civil penalties, attorneys' fees, and restitution for the debtor's customers was excepted from the automatic stay by § 362(b)(4); and further noting that, while the exception permitted the state to obtain a monetary judgment, it did not permit any effort to collect or enforce the monetary judgment.).

The Court finds that expenditures to comply with the bonding requirements in the Prepaid Entertainment Contracts Statutes fall within the exemption contemplated under 11 U.S.C. §362(b)(4). *Safety-Kleen, Inc.*, 274 F.3d at 864-866 (the regulatory exception contained in 11 U.S.C. §362(b)(4) applied to a state agency's issuance and enforcement of a bonding requirement for hazardous waste sites). Thus, if the Debtor were to decide that it wanted to sell prepaid entertainment contracts or collect monies giving rise to the bonding requirement in

N.C.G.S. § 66-124, the State could compel the Debtor to expend estate funds to obtain the legally mandated bond or letter of credit.

Where the State is seeking an order that mandates the Debtor take some action, the Court shall "retain the authority given it by the Bankruptcy Code and by 28 U.S.C. § 157 to determine the allowance or disallowance of claims against the estate." *In re Claughton*, 140 B.R. 861, 869 (Bankr. W.D.N.C. 1992). If the State obtains a mandatory order and the Debtor believes in good faith that compliance with such order would cause the estate to incur expenses greater than ten thousand dollars ($10,000), then the Debtor shall have 10 calendar days to file an expedited motion in this court for permission to spend the estate's assets on compliance with the duly issued state court order.

**SO ORDERED**

**This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.**

**United States Bankruptcy Court**